## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MDB, A MINOR, BY MICHAEL J. | : | CIVIL ACTION |
| BRIDGE, HIS GUARDIAN AND | : | |
| MICHAEL J. BRIDGE, | : | |
| Plaintiffs, | : | No.: 2:18-cv-01079-MRH |
| | : | |
| v. | : | |
| | : | |
| PURCHASE LINE SCHOOL DISTRICT, | : | |
| PUNXSUTAWNEY CHRISTIAN | : | |
| SCHOOL, AND TRI-COUNTY | : | |
| TRANSPORTATION, INC. | : | |
| Defendants. | : | |

## BRIEF IN SUPPORT OF DEFENDANT PURCHASE LINE SCHOOL DISTRICT'S 12(B)(6) MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

### I.  PROCEDURAL HISTORY

Plaintiffs filed their Complaint against Defendant Purchase Line School District, et al, on or about July 18, 2018, in the Court of Common Pleas of Indiana County, Pennsylvania.  Defendant Punxsutawney Christian School removed the subject case to the Western District of Pennsylvania on or about August 16, 2018.  A copy of Plaintiffs' Complaint ("Complaint") can be found at CM/ECF Document Number 1.)  Defendants filed a Motion to Dismiss Plaintiff's Complaint. (CM/ECF Document Number 11 and 12). The Plaintiff filed an Amended Complaint on or about September 12, 2018. (Attached Exhibit "A", CM/ECF Document Number 15).  As a result the Court issued an Order dismissing the 12(b)(6) Motions as Moot.  Now, the Defendant Purchase Line moves to dismiss Plaintiffs' Amended Complaint for failure to state a claim upon which relief can be granted.  A Complaint may be dismissed pursuant to Federal of Civil Procedure Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. City of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As discussed more fully below, Plaintiffs

1

have failed to set forth any factual evidence in support of the averments that Defendant Purchase Line violated Title IX, 20 U.S.C. §1681. Accordingly, Plaintiffs' Title IX claim fails as a matter of law and must be dismissed. Furthermore, as also discussed more fully below, Plaintiffs have failed to set forth any factual evidence in support of the averments that Defendant Purchase Line violated 42 U.S.C. §1983. Accordingly, Plaintiffs' Section 1983 claim fails as a matter of law and must be dismissed. Furthermore, as also discussed more fully below, Plaintiffs have failed to set forth any factual evidence in support of the averments that Defendant Purchase Line violated any state claims of negligent infliction of emotional distress, negligence, breach of contract, loss of services and punitive damages; therefore, said claims fail as a matter of law and must be dismissed.

## II.  **FACTUAL ALLEGATIONS**

The Minor-Plaintiff's home school district is Purchase Line and student was enrolled and attended Punxsutawney for his educational programming. *See* Exhibit A, paragraph 17. The Minor-Plaintiff was transported on a van owned, operated, and/or controlled by Tri-County to and from Punxsutawney each school day. *See* Exhibit A, paragraph 21.  Plaintiffs allege in or around May 2016 the Minor-Plaintiff was sexually assaulted in the van by another student. *See* Exhibit A, paragraph 22. Plaintiffs do not provide any details regarding the nature of the alleged assault or the manner in which it occurred. Plaintiff-Guardian reported the alleged assault to Defendant Punxsutawney on May 12, 2016. (*See* Exhibit A, paragraph 28) for which Plaintiffs allege Defendant Punxsutawney reported the alleged assault to ChildLine sometime soon thereafter. *See* Exhibit A, paragraph 28. Taking this as truth it would appear the merits of the case as filed that the Defendant took no action and were deliberately indifferent to the situation is proven incorrect by the Plaintiffs own admissions. Further, Plaintiffs have neither alleged the

Minor-Plaintiff was in "immediate danger" nor have they set forth any facts that would support such an inference. Additionally, it is important to note "an adult family member who is a person responsible for the child's welfare" is a mandated reported under 23 Pa.C.S.A. § 6311 et. 3 seq. As such, Plaintiff-Guardian, who lived with Minor-Plaintiff and had knowledge of the alleged abuse prior to reporting it to Defendant Punxsutawney was required to report the alleged abuse himself.

Following the alleged incident, Plaintiff-Guardian made the decision to remove the Minor-Plaintiff from the van and to drive the Minor-Plaintiff to and from school himself. *See* Exhibit A, paragraph 32. Plaintiffs allege a meeting was set up with the then Superintendent regarding the alleged assault and that the Superintendent failed to report such assault( See Exhibit A, paragraph 34); however, in the preceding paragraphs Plaintiffs, through their own admission are aware the matter was reported. *See* Exhibit A, paragraph 33. Plaintiffs do not allege the Minor-Plaintiff experienced any continued harassment or assault. *See* Exhibit A, paragraph 39. Plaintiff-Guardian alleges he "brought these issues to [Defendant] Punxsutawney's attention" but provides no details regarding the manner in which he advised Defendant Punxsutawney of any purported "issues", or what specifically he advised Defendant Punxsutawney constituted a cause for concern. *See* Exhibit A, paragraph 41.

Plaintiff-Guardian demanded Defendant Purchase-Line and Defendant Punxsutawney place an aide on the van. *See* Exhibit A, paragraph 44. Plaintiffs allege Defendant Punxsutawney explained to Plaintiffs they did not have the financial resources to provide an aide. *See* Exhibit A, paragraph 45. Plaintiff-Guardian found all other accommodations suggested by Defendants to be unacceptable, and voluntarily chose to transfer Minor-Plaintiff to another school. *See* Exhibit A, paragraph 46. Financial resources are not the only driving factor in the matter. The Plaintiff-

Guardian also requested the other student (not Bridge's Minor student) be expelled from the school of which under law the Defendants could not do.

Plaintiffs alleged OCR issued a final resolution of Parent's complaint filed against the Purchase Line School District. Even if taken as true that such a resolution was executed and approved, any such resolution would no bearing on the outcome of the Plaintiff's Complaint. Likewise, any resolution sought between a Public School District and the Office of Civil Rights would be an inadmissible and irrelevant document for purposes of the Plaintiffs allegations as even noncompliance issues through an administrative agency would not and could not be used to represent any admission nor damage claim as is the case in the instant case before this court. In cases involving student to student harassment, such as the subject case, the Plaintiff seeking to recover under Title IX is held to a higher standard. In *Davis v. Monroe County Board of Education,* 526 U.S. 629 (1999), the Court stated, that for harassment to be actionable it must be "so severe, pervasive and objectively offensive that it can be said to deprive victims of access to the education opportunities or benefits provided by the school. Furthermore, under Federal Rule of Evidence 801(c), the document must be a formal, trustworthy statement of policy and able to be relied upon, cited and/or construed as such to even be a consideration. Failure to produce a document which contains this verification would not be able to be relied upon under Federal Rule of Evidence 801(c).

Plaintiffs allege both the Minor-Plaintiff and Plaintiff-Guardian suffer from nervousness, emotional tension, anxiety, depression and physical manifestations of psychological anguish. *See* Exhibit A, paragraphs 49 and 50. Additionally, it is alleged both the Minor-Plaintiff and Plaintiff-Guardian experienced great pain and suffering, inability to enjoy life's pleasures, loss

and impairment of general health, and incurred costs due to medical treatment. *See* Exhibit A, paragraphs 60-63.

## III.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a Motion to Dismiss under Federal of Civil Procedure Rule 12(b)(6), a claim for relief now requires more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).) That is, a Complaint may be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011).

In considering a Rule 12(b)(6) Motion to Dismiss, the reviewing Court must accept all allegations in the Complaint as true and draw all reasonable inferences in the light most favorable to the Plaintiff. *H.J. Inc. v. Northwest Bell Tel. Co.*, 492 U.S. 229, (1989). If, after accepting the allegations in the Complaint as true and drawing all reasonable inferences in the light most favorable to the Plaintiff, it appears that the Plaintiff cannot show that she is entitled to relief, it is appropriate for the Court to dismiss the Complaint. *Id.* When evaluating a Rule 12(b)(6) Motion to Dismiss the Court may consider the allegations contained in the complaint,

exhibits attached to it, matters of public record and records of which the Court may take judicial notice. *Ieradi v. Mylan Labs., Inc.,* 230 F.3d 594, (3d Cir.2000).

A District Court must take a three step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121,(3d Cir.2010). First, the court must take note of the elements a plaintiff must plead to state a claim. *Id. at 130.* Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Third, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Id.*

The Court "must then determine whether the facts alleged are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir.2009). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 211. While the standard "does not require 'detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. *Iqbal,* 556 U.S. at 679.

## IV. ARGUMENT

### A. 12(B)(6) FAILURE TO STATE A CLAIM

### 1. Plaintiffs' Complaint Does Not Contain Sufficient Factual Allegations to Sustain Any of their Claims

(a) *Plaintiffs' Violation of Title IX Claim against Purchase Line School District*

Title IX prohibits discrimination on the basis of sex in education programs and activities that receive federal funding. 20 U.S.C. § 1681. The remedial scheme under Title IX requires notice to an "appropriate person" and an opportunity to rectify any violation. *Gebser v. Lago Vista Ind. Sch. Dist.* 524 U.S. 274 (1998). An appropriate person is defined as "an official with authority to take corrective action." *Gebser, supra,* at 290. For a Plaintiff to recover from an entity under Title IX, he must show the appropriate person's response to alleged discrimination amounted to deliberate indifference. *Id.*

In cases involving student to student harassment, such as the subject case, the Plaintiff seeking to recover under Title IX is held to a higher standard. In *Davis v. Monroe County Board of Education,* 526 U.S. 629 (1999), the Court stated, that for harassment to be actionable it must be "so severe, pervasive and objectively offensive that it can be said to deprive victims of access to the education opportunities or benefits provided by the school." The *Davis* Court warned courts not to second guess school administrators to ensure they retained the flexibility to run their schools. School administrators cannot be required to purge their schools of peer harassment. *Davis, supra,* at 648. Further, alleged victims are not entitled to demand particular remedial actions, nor are schools required to take certain remedial actions. *Id.* As such, to establish a Title IX claim on the basis of student-on-student sexual harassment, Plaintiff must show that (1) he was a student at an educational institution receiving federal funds, (2) he was subjected to harassment based on his sex, (3) the harassment was sufficiently severe or pervasive to create a

hostile (or abusive) environment in an educational program or activity, and (4) there is a basis for imputing liability to the institution. *Id*. at 648-51. A plaintiff must also show the school's actions were "clearly unreasonable in light of known circumstances."

In the subject case, the Plaintiff states that the alleged incident took place on or about May of 2016; however, as can be seen from Plaintiffs own filing the Plaintiff-Guardian did not report the alleged incident until more than 7 days later. In fact, even at that point in time the Plaintiff admits that Defendant Punxsutawney had already made a child line report on the matter to ensure the proper officials were notified. However, for Plaintiff to show the school's actions were "clearly unreasonable in light of known circumstances" the Plaintiff must explain why he would allow seven (7) days to pass prior to informing Purchase Line School District.

There are no allegations of assault or harassment following Minor-Plaintiff's voluntary removal from the van, let alone harassment so severe and pervasive it was sufficient to create a hostile environment. Furthermore, Plaintiff's minor child was not participating in a Purchase Line Program or activity at the time of the assault which can be seen through Plaintiff's own admission. *See* Exhibit A, paragraph 17. Further, there is no allegation that no action was taken, nor is there any allegation that the action taken was "clearly unreasonable." Plaintiffs merely set forth actions he himself believes Defendants should have taken prior to and after the alleged harassment. In fact, through Plaintiffs' own admission they admit that actions were taken, but that such actions were not acceptable to him. See Exhibit A, paragraph 46.

Likewise, Purchase Line School District has Title IX grievance procedures which are presented to all community members, student, and staff through the Districts Website. Attached as Exhibit B, please find the Policy which is distributed to all community public community members and for which clearly shows Purchase Line has such policies for review by the

community and in particular the Plaintiff. As such, Plaintiffs have not pled facts sufficient to show Minor-Plaintiff was subjected to a hostile environment or that Defendant Punxsutawney or Defendant Purchase Line responded to the alleged harassment of the Minor-Plaintiff with deliberate indifference or that the proposed resolution was clearly unreasonable as required to recover under Title IX. Accordingly, Plaintiffs' claim against Defendant Purchase Line School District for Violation of Title IX should be dismissed.

(b) *Plaintiffs' Violation of 42 U.S.C. 1983 Claim for Injury to Bodily Integrity as a Result of State Created Harm against Purchase Line School District*

In Plaintiffs' second claim against Defendant Purchase Line School District, they allege Defendant Purchase Line violated 42 U.S.C. 1983 for injury to bodily integrity as a result of state created harm. As set forth in detail below, this claim must be dismissed as a matter of law as well. "To state a claim under § 1983 for state caused harm, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48, 108 (1988). Section 1983 does not provide substantive rights, "but provides a vehicle for vindicating the violation of rights created by the United States Constitution or federal law." *See Graham v. Connor,* 490 U.S. 386, 393–94,(1989); *Morse v. Lower Merion School Dist.,* 132 F.3d 902, 907 (3d Cir.1997). Thus, in order to succeed on the § 1983 claim, Plaintiff must demonstrate that the defendants (1) were acting under color of state law, and (2) while acting as such, deprived them of a constitutional or federal right. *Id.*

Even if Plaintiffs could plead facts that would support the averment that Defendant Purchase Line was acting under the color of state law, Plaintiffs have not set forth sufficient facts to indicate Defendant Purchase Line School District violated Minor-Plaintiff's constitutional

rights. In support of the allegation Defendant Purchase Line violated Minor-Plaintiff's Constitutional rights, Plaintiffs rely upon the "state created danger" exception to the substantive due process clause of the Fourteenth Amendment. To the contrary, per the Plaintiffs own admission, Purchase Line School District spoke with the Parent and was willing to place an aide on the bus and arrange specified seating. See Exhibit A, paragraph 46.

The Due Process clause of the Fourteenth Amendment protects the people from the arbitrary deprivation of life, liberty, and property, without due process of law by state governments. *Deshaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 196, (1993). The Supreme Court recognizes the Due Process Clause as a limitation on government power. *Id.*

In order to establish a Fourteenth Amendment violation based upon a "state-created danger" theory, Plaintiffs must show:

(1) the harm ultimately caused was foreseeable and fairly direct;

(2) a state actor acted with a degree of culpability that shocks the conscience;

(3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and

(4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all. *Bright, supra*, at 281.

Accordingly, Plaintiffs must do more than show the Defendants could have averted the Minor-Plaintiff's injury and failed to do so. Rather, Plaintiffs must demonstrate that Defendant Purchase Line's policy, practice or custom played an *affirmative* role in bringing about the alleged harm and that's Defendant Purchase Line affirmative action rendered Minor-Plaintiff more vulnerable than he would have been had Defendant Purchase Line not acted at all. Plaintiffs have not set forth any facts in support of the argument Defendant Purchase Line should be held liable under a theory of state created danger. Per Plaintiffs' own admission, the Minor-

Plaintiff was not on the van with his alleged assailant after the alleged incident. *See* Exhibit A, paragraph 49. Moreover, Plaintiffs have not set forth any facts that would indicate Defendant Purchase Line had a role in bringing about the alleged harm or that Minor-Plaintiff would have avoided harm had Defendant Purchase Line avoided taking any action. As Plaintiffs have not plead sufficient facts to support any element of claim of violation of 1983 based on a state created danger, Plaintiffs' claim fails as a matter of law.

     *(c) Plaintiffs' Violation of 42 U.S.C. 1983 Claim for Monell Theory of Liability against Purchase Line School District*

     Plaintiffs assert a second violation of 42 U.S.C. 1983 against Defendant Purchase Line, which they refer to as a claim for *Monell* liability for failure to train and supervise. Based on the following, this claim is unsustainable as well. Under *Monell v. Department of Social Serv.,* 436 U.S. 658 (1978), a government agency of entity only can be held liable under Section 1983 if a plaintiff can demonstrate that a deprivation of a federal right occurred as a result of a "policy" of the local government's legislative body or of those local officials whose acts may fairly be said to be those of the municipality. Notably, government agencies or entities cannot be held liable under Section 1983 for constitutional torts on a theory of *respondeat superior*. In other words, government agencies or entities are not liable for the actions of their employees simply as a result of employment status. Rather, a plaintiff must prove that there was a relevant policy or custom, and that policy caused the constitutional violation. *Id.* To establish a government "policy," a plaintiff must prove that the government action was (i) taken with the requisite degree of A "custom" is shown by alleging that a practice of the governmental entity is so "well-settled and widespread" that it virtually constitutes law, regardless of whether it is specifically authorized. Berg v. County of Allegheny, 219 F.3d 261 (3rd Cir. 2000). After identifying such a

policy or custom, the Plaintiff must further demonstrate that, through its "deliberate conduct," the municipality itself was the "moving force" behind the alleged violation and requires the Plaintiff to establish that the municipal action was taken "with deliberate indifference to its known or obvious consequences". *Id.* "Deliberate indifference" is a stringent standard of fault, which is satisfied by neither simple nor heightened negligence. Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). Plaintiffs must plausibly plead facts amounting to more than a dressed up *respondeat superior* theory for the Court to find a valid municipal liability claim, since "local governments are responsible only for their *own* illegal acts." Olivieri v. Cnty. of Bucks, 811 F.Supp.2d 1112, 1122 (E.D.Pa.2011). In the case before this Honorable Court the Plaintiff has pled allegations which fail to lead to any injury on behalf of the Plaintiff as is required under the Monell Theory.

The Third Circuit has explained that an individual's conduct may constitute "official policy" when the state actor has "final policy-making authority." Hill v. Borough of Kutztown, 455 F.3d 225, 245 (3d Cir.2006). If the official is both (1) "responsible for making policy in the particular area of municipal business in question," under state law, and (2) the policy-making authority is "final and unreviewable," the local government may be held liable for the official's actions. *Id.* at 245. Mr. Bradley, Superintendent of Purchase Line School District, did not have the final and unreviewable authority in this matter to enable a Monell Claim. Furthermore, the Plaintiff must first prove there was a deprivation of rights before a Monell Claim can be properly plead. Where a Section 1983 Plaintiff claims that a local government caused its employees to violate her rights, "rigorous standards of culpability and causation must be applied," to ensure that the local government is not held liable solely for the individual action of an employee. Reitz v. County of Bucks, 125 F.3d 139 (3rd Cir. 1997). For liability to attach, Plaintiff must

demonstrate causation, as "a municipality can be liable under Section 1983 only when its policies are the moving force behind the Constitutional violation." City of Canton v. Harris, 489 U.S. 378 (1989). Plaintiffs have failed to identify any policy within their Complaint to establish such a claim. Plaintiffs have failed to show a causal link between the execution of any such policy and the injury suffered. Monell, 436 U.S. 658. In the matter before this Honorable Court the Plaintiffs have yet to prove the deprivation of any rights.

A government agency's or entity's' failure to adequately train its employees gives rise to a cause of action under Section 1983 only if the deficient training reflects a deliberate indifference to an individual's civil right and is "closely related to the ultimate injury." *Kline ex rel Arndt v. Mansfield*, 255 Fed.Appx. 624, 629 (3d Cir. 2007). Mere proof that an injury could have been avoided if the municipal officer or employee "had better or more training is not enough to show municipal liability" under a "failure to train" *Monell* claim. *Kline*, 255 Fed.Appx. at 629. Instead, Plaintiffs' must show that the training deficiency was *the actual cause* of the violation of plaintiff's civil rights. *Wolosyzn v. County of Lawrence*, 396 F.3d 314, 325 (3d Cir. 2005).

The Third Circuit has held that establishing municipal liability on a *Monell* claim for inadequate training is difficult. *Reitz v. County of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997). For the aforementioned reasons, Plaintiffs have failed to set forth any cause of action against Defendant Purchase Line School District, for such claims and thus their Monell claim must be dismissed.

Regarding a "pattern of violations" theory, the Complaint is devoid of any reference to any other incident involving Plaintiffs or any other person, wherein an employee of Defendant Purchase Line caused or failed to prevent harm similar to the harm alleged. Even in furtherance

of the allegation of a "pattern of violations" theory, the data which has been put forth within Plaintiffs' Complaint fails to meet such legal burden. Furthermore, the Complaint does not plead facts sufficient to show, or support a reasonable inference, that the alleged assault of Minor-Plaintiff occurred more than once. The facts pled describe a single incident, which is by definition insufficient, pursuant to *Twombly, supra*, to state a "failure to train" or a "failure to supervise" *Monell* claim under a "pattern of violations" theory.

Based on the foregoing, it is clear the averments of Plaintiffs' Complaint are not sufficient to establish a plausible claim that a governmental policy or custom was the cause of Plaintiffs' injuries as required under *Monell,* and Plaintiffs' claim should be dismissed as a matter of law.

**B. Plaintiffs' State Claims Fail Under Pennsylvania Law**

*(a) Plaintiffs' Claims Against Defendant Purchase Line are Barred by the Pennsylvania Political Subdivision Torts Claims Act*

Defendant Purchase Line School District is immune under the Pennsylvania Political Subdivision Tort Claims Act. The Political Subdivision Tort Claims Act states that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. Con. Stat. Ann. § 8541. The term "local agencies" includes townships. *Deluca v. Whitemarsh Tp.*, 526 A.2d 456, 457 n. 3 (Pa. Commw. Ct.1987). The clear intent of the Tort Claims Act was to insulate the government from exposure to tort liability. *McShea v. City of Philadelphia*, 995 A.2d 334, 341 (Pa. 2010) citing *Dean v. Commonwealth of Pennsylvania, Dept. of Trans.*, 751 A.2d 1130, 1132 (Pa. 2000). Tort immunity is a non-waivable, absolute defense. *See In re Upset Sale of*

*Properties,* 560 A.2d 1388, 1389 (Pa. 1989). While there are limited exceptions to tort immunity, the exceptions are to be strictly construed against the Plaintiff. *Fagan v. Department of Transportation*, 946 A.2d 1123 (Pa. Commw. Ct. 2008). Further, it is Plaintiffs' burden to establish an exception to tort immunity applies. *Id.* As such, Plaintiff's state law claims against Defendant Purchase Line should be dismissed.

The Political Subdivision Tort Claims Act provides that, as a general rule and with limited exceptions, municipalities and their officials as employees are immune from tort liability. The Tort Claim Act states as follows: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by an act of the local agency or an employee thereof or any other person." Under 42 Pa. C.S.§ 8541 it states that in light of this general rule, in order for the Defendant, a local agency, to be held liable, the Plaintiff must establish several factors. Initially, the Plaintiff must prove that the redress that he /she seeks from the Defendant is recoverable in a common law or statutory right of action. If that threshold is met, the Plaintiff must show that his or her injury was caused by the negligent acts of the Defendant falling within one (1) of the eight (8) exceptions to immunity found in Section 8542. Out of the eight (8) exceptions to immunity, the statutory exceptions to immunity in Section 8542(b) of the Tort Claims Act which would even remotely apply to the current claim would be the operation of motor vehicle or the care, custody or control of personal and/or real property. Based on this theory, it is clear that in the *Davies v. Barnes*, 503 A.2d 93, (Cmwlth 1986) in order for the motor vehicle exception to school district's governmental immunity to be applicable there must be an allegation that the vehicle was actually operated by a school official. In the case before this court, the Motor Vehicle is not operated by a school official. In the case of *Burnatoski v. Butler Ambulance Service Company*, 567 A.2d 1121,

(Cmwlth 1989) the court states again that vehicle exception to governmental immunity applies only to situations where an <u>employee</u> of local agency operates vehicle in question. *See also Capuzzi v. Heller*, 558 A.2d 596, (Cmwlth 1989). Once again, no employee of Purchase Line School District was operating the transportation where the alleged incident occurred.

Finally, as a follow up to the *Capuzzi* case, the Court stated that even if the school had power to refuse to permit its students to drive themselves between high school and vo-tech, if they were uninsured or unable to demonstrate that they were capable of driving safely, damages for fatal and nonfatal injuries caused from automobile accident arising from an automobile race between <u>two (2) students</u> could be not recovered damages from school under "negligent entrustment" theory pursuant to vehicle exception to governmental immunity.

Based on the foregoing, it is clear the averments of Plaintiffs' Complaint are not sufficient to establish a plausible claim for any of the claims made within Plaintiffs Complaint; and even if such a claim could be established Defendants are entitled to immunity under the Political Subdivision Tort Claims Act, and Plaintiffs' claim should be dismissed as a matter of law.

*(b) Plaintiffs' Negligent Infliction of Emotional Distress Claim is Legally Insufficient*

Regardless of whether Defendant Purchase Line is immune under the PSTCA, Plaintiffs' negligent infliction of emotional distress claim against Defendant Purchase Line must be dismissed as it is legally insufficient. Here, both the Minor-Plaintiff and Plaintiff-Guardian assert a cause of action for negligent infliction of emotional distress against Defendant Purchase Line.

The Minor-Plaintiff's claim arises out of emotional distress caused by an alleged breach of duty. Under Pennsylvania law, recovery for negligent infliction of emotional distress "is not

available in garden-variety 'breach of contractual or fiduciary duty' cases, but only in those cases where there exists a special relationship where it is foreseeable that a breach of the relevant duty would result in emotional harm so extreme that a reasonable person should not be expected to endure the resulting distress." *Toney v. Chester Cty. Hosp.*, 36 A.3d 83, 84 (Pa. 2011). Likewise, Plaintiffs are <u>barred</u> [emphasis added] from making any direct recovery from Defendants by the two-year statute of limitations applicable to negligence actions. 42 Pa. C.S.A. §5524(2). Based upon Plaintiff's own averments the incident happened allegedly on May 11, 2016 and the above action was filed by Writ of Summons on May 17, 2018, more than two years after the alleged incident.

Moreover, Plaintiffs have alleged Defendant Purchase Line had a contractual relationship or fiduciary duty to ensure his safety to and from school, and that said duty was breached by "requiring him to choose between transportation to school and riding the van with his sexual assailant." *See* Exhibit A, paragraph 114. Plaintiffs further allege this purported breach caused the Minor-Plaintiff physical and psychological trauma. *Id.* paragraph 115. It is important to note Plaintiffs do not allege the Minor-Plaintiff suffered emotional distress due to the assault; rather, it is alleged he suffered emotional distress due to having to choose between riding in the van and choosing alternate transportation. This argument ignores the fact that Plaintiff-Guardian made the voluntary decision to transport the Minor-Plaintiff to and from Defendant Punxsutawney's school, however. *See* Exhibit A, paragraph 23. As such, Plaintiffs are essentially alleging Defendant Purchase Line caused the Minor-Plaintiff emotional distress due to a decision made by Plaintiff-Guardian. Therefore, the Minor-Plaintiff fails to prove the element of causation as is required to recover for a claim of negligent infliction of emotional distress. Accordingly, the Minor-Plaintiff's claim for negligent infliction of emotional distress must be dismissed.

*(c) Plaintiffs' Negligence Claim is Barred by the Gist of the Action Doctrine*

Plaintiffs' negligence claim against Defendant Purchase Line must be dismissed as well, pursuant to the gist of the action doctrine. In Pennsylvania, a negligence action must be premised on the existence of a duty one party owes to another, the breach of said duty, and damages resulting from the breach. *Gibbs v. Ernst,* 647 A.2d 882 (Pa. 1994). Here, Plaintiffs' negligence claim as to Defendant Purchase Line fails as a matter of law and should be dismissed from the Amended Complaint. First, Plaintiffs have failed to demonstrate the existence of a legally recognized duty owed to it by Defendant Purchase Line other than those arising out of a contract, as per Plaintiffs' own admission, Plaintiffs' negligence claim is based upon the breach of an alleged contract. Plaintiffs' negligence claim against Defendant Purchase Line fails under the gist of the action doctrine which "precludes plaintiffs from re-casting ordinary breach of contract claims into tort claims." *Etoll, Inc. v. Elias/Savion Advertising, Inc.*, 811 A.2d 10, 14 (Pa.Super.2002). A tort claim is barred where, as here, "the duties allegedly breached were created and grounded in the contract itself ... [or] the tort claim essentially duplicates a breach of contract claim or the success of [the tort claim] is wholly dependent on the terms of the contract." *Etoll, Inc.*, 811 A.2d at 19.

As Plaintiffs failed to plead sufficient facts to show the existence of a legally recognized duty owed to them by Defendant Purchase Line, Plaintiffs' negligence claim must fail as a matter of law.

*(d) Plaintiffs' Breach of Contract Claim Fails to Conform to a Rule of Law*

Moreover, Plaintiffs' breach of contract claim must be dismissed for failure to conform to a rule of law. In Pennsylvania, three elements are necessary to properly plead a cause of action

for breach of contract: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." *CoreStates Bank, Nat'l Assn. v. Cutillo*, 723 A.2d 1053, 1058 (Pa.Super.1999). Pursuant to Pennsylvania Rule of Civil Procedure 1019(i), Plaintiffs must specify whether the alleged contract was oral or written; if the contract was written, it must be attached to the Complaint. In the event Plaintiffs do not have access to the contract, they must set forth the reasons why the contract is unavailable and aver the substance of the contract.

In the subject case, Plaintiffs have failed to indicate whether the contract was written or oral or attach a copy of the contract or explain why the contract is unavailable, as required under the Pennsylvania rules of civil Procedure. Further, they have not set forth any of the essential terms of the contract that were allegedly breached. As such, Plaintiffs' Breach of Contract claim must be dismissed due to failure to comply with a rule of law.

*(e) Plaintiffs' Punitive Damages claims are legally insufficient*

Plaintiffs seek punitive damages against Defendant Purchase Line under their Title IX claim, Section 1983 claims, and negligence claim. As set forth below, however, Plaintiffs' claims for punitive damages fail as a matter of law, as they are legally insufficient.

Punitive damages may never be imposed on the government agencies themselves, or the individuals in their official capacities. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Miller v. Kidspeace National Centers for Kids in Crisis, Inc.; 988 F. Supp. 848, 859 (M.D. Pa. 1997). The Plaintiff has attempted to throw every allegation at the wall in the hopes that one may stick, without adequately pleading a claim of which relief may be granted. In the matter of City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); it is clear that the

actions of the Defendants are reasonable, prudent and rational and far from extreme conduct which would be necessary to impose punitive damages. For the reasons as identified the Plaintiffs have failed to state a claim for punitive damages.

Reckless or malicious conduct only occurs when the conduct of the claimed tortfeasor has been shown to be intentional or to have been committed with an intentional disregard of known risks which are substantially likely to cause harm. *See Evans v. Philadelphia Transportation* Company, 212 A.2d 440 (Pa. 1965). Accordingly, a punitive damages claim must be supported by evidence sufficient to establish that the defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and evidence that the defendant acted or failed to act in conscious disregard of that risk. *Hutchinson ex rel. Hutchinson v. Luddy,* 870 A.2d 766, 772 (Pa. 2005). Further, in Pennsylvania the imposition of punitive damages is an extreme remedy. *Browne v. Maxfield*, 663 F. Supp. 1193 (E.D. Pa. 1987). Punitive damages are not favored under the law. *Cochetti v. Desmond*, 572 F.2d 102 (3rd Cir. 1978).

For the reasons as identified the Plaintiffs have failed to state a claim for punitive damages. As such, Plaintiff's punitive damages claims should be stricken and dismissed with prejudice.

## IV. CONCLUSION

For the reasons set forth herein, Defendant Purchase Line School District respectfully request that this Honorable Court grant the within Motion to Dismiss and Brief in Support thereof and dismiss Plaintiffs Amended Complaint against Defendant Purchase Line School District and the claims set forth therein, with prejudice.

Respectfully submitted:


*/s/ Ronald N. Repak*

Ronald N. Repak, Esquire
Pa. I.D. No.309138
Attorney for Purchase Line
School District
BEARD LEGAL GROUP
3366 Lynnwood Drive
P.O. Box 1311
Altoona, PA 16603-1311
(814) 943-7796
rrepak@beardlegalgroup.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MDB, A MINOR, BY MICHAEL J. | : | CIVIL ACTION |
| BRIDGE, HIS GUARDIAN AND | : | |
| MICHAEL J. BRIDGE, | : | |
| Plaintiffs, | : | No.: 2:18-cv-01079-MRH |
| | : | |
| v. | : | |
| | : | |
| PURCHASE LINE SCHOOL DISTRICT, | : | |
| PUNXSUTAWNEY CHRISTIAN | : | |
| SCHOOL, AND TRI-COUNTY | : | |
| TRANSPORTATION, INC. | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Ronald N. Repak, Esquire, and Beard Legal Group, P.C., hereby certify that a true and correct copy of the Defendants' Brief in Support of Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6) on behalf of Purchase Line School District, has been served on the following parties of record via U.S. Western District's Electronic Case Filing System on this 26th day of September, 2018:

Ruder Law, LLC
Attn: Alicia M. Simpson
Suite 450
Pittsburgh, PA 15219
aliciasimpson@ruderlaw.com

Lewis Brisbois
Attn: Kyle Black
429 Fourth Avenue
Suite 805
Pittsburgh, PA 15219
Kyle.Black@lewisbrisbois.com

Kenneth J. Hardin, II
Hardin Thompson, P.C.
The Frick Building
437 Grant St., Suite 620
Pittsburgh, PA 15219
Attorney for Punxsutawney Christian

Respectfully submitted:

*/s/ Ronald N. Repak*
Ronald N. Repak, Esquire
Pa. I.D. No.309138
BEARD LEGAL GROUP
3366 Lynnwood Drive
Altoona, PA 16603-1311
(814) 943-7796
rrepak@beardlegalgroup.com