**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MDB, A MINOR, BY MICHAEL J.     :     CIVIL ACTION
BRIDGE, HIS GUARDIAN AND     :
MICHAEL J. BRIDGE,     :
            Plaintiffs,     :     No.: 2:18-cv-01079-MRH
    :
    v.     :
    :
PURCHASE LINE SCHOOL DISTRICT,  :
PUNXSUTAWNEY CHRISTIAN     :
SCHOOL, AND TRI-COUNTY     :
TRANSPORTATION, INC.     :
           Defendants.     :

**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

AND NOW comes Defendant, Purchase Line School District, (hereinafter "Defendant Purchase Line" or "Purchase Line"), by and through its attorneys, Ronald N. Repak, Esquire and Beard Legal Group, P.C., and submits the within Answer and Affirmative Defenses to Plaintiff's Amended Complaint and in support thereof avers as follow:

**A. Preliminary Statement**

1. The averments of paragraph 1 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, these averments are denied. Strict proof is demanded.

**B. Jurisdiction and Venue**

2. Admitted in part and denied in part. It is admitted that this action was filed by Plaintiff's counsel under 28 U.S.C. §§ 1331. It is specifically denied that there has been any conduct on the part of Defendants that constitutes a deprivation of any right or privilege of the referenced laws.

3. Admitted in part and denied in part. It is admitted that this action was filed by Plaintiff's counsel under 28 U.S.C. §§ 1367. It is specifically denied that there has been any conduct

1

on the part of Defendants that constitutes a deprivation of any right or privilege of the referenced laws. It is admitted only that the case arises in the Western District of Pennsylvania from events occurring in Indiana County.

4. Admitted in part and denied in part. It is admitted that this action was filed by Plaintiff's counsel under 28 U.S.C. §§ 1391(b). It is specifically denied that there has been any conduct on the part of Defendants that constitutes a deprivation of any right or privilege of the referenced laws. It is admitted only that the case arises in the Western District of Pennsylvania from events occurring in Indiana County.

**C. Parties**

5. Admitted in part and denied in part. It is admitted upon the Defendant's information and belief that Student resides with his parents in Indiana County, Pennsylvania 15742 and that student was previously a student at Punxsutawney Christian School. It is denied that student is a sexual assault survivor or that there has been any conduct on the part of Defendant that constitutes a deprivation of any right or privilege of Plaintiffs.

6. Admitted to the best of the Defendant's knowledge and belief.

7. Admitted to the best of the Defendant's knowledge and belief.

8. Admitted.

9. Admitted in part and denied in part. It is admitted that Defendant was acting by and through its duly authorized administrators, agents and /or employees in the course and scope of their employment. It is denied that there has been any conduct on the part of Defendant that constitutes a deprivation of any right or privilege of Plaintiff.

10. Admitted.

2

11.     Admitted in part and denied in part.  It is admitted that Defendant was acting by and through its duly authorized administrators, agents and /or employees in the course and scope of their employment.  It is denied that there has been any conduct on the part of Defendant that constitutes a deprivation of any right or privilege of Plaintiff including, but not limited to sexual harassment, sexual assault, and/or a hostile educational environment or corrective measures to prevent such conduct as alleged.

12.     Admitted upon information and belief.

13.     Admitted upon information and belief.

14.     Admitted upon information and belief.

15.     Admitted upon information and belief.

16.     Admitted upon information and belief.

**D. Factual History**

17.     Admitted upon information and belief.

18.     Admitted in part and denied in part.  It is admitted that Defendant was acting by and through its duly authorized administrators, agents and /or employees to transport student under 24 P.S. §13-1361.  It is denied that there has been any conduct on the part of Defendant that constitutes a deprivation of any right or privilege of Plaintiff including, but not limited to not ensuring the safety, well-being and general care of student during transportation.

19.     Admitted upon information and belief.

20.     The averments of paragraph 20 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, these averments are denied. To the extent the averments of paragraph 20 seek to characterize the contents of any agreement or contract between Purchase Line and Tri-County, that document speaks for itself; Defendants

deny the allegations to the extent that they are inconsistent with that document. Strict proof is demanded.

21.    Admitted upon information and belief.

22.    Denied. The averments of paragraph 22 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, it is expressly denied that student was sexually assaulted by another student, who was two years older than student. Strict proof is demanded.

23.    Denied. The averments of paragraph 23 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, it is expressly denied that student was told he could use Kr's smart device if MDB touched KR and that KR "bopped, MDB in the penis and exposed himself to MDB. Strict proof is demanded.

24.    Denied. Defendant lacks information or knowledge sufficient to form a belief as to Plaintiff's allegations regarding two students prior relationship or interactions. In the event that a response is deemed necessary, these averments are denied and strict proof is demanded.

25.    Denied. The averments of paragraph 25 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, it is expressly denied that MDB was in immediate danger of KR and that it was no longer safe for MDB to be in close proximity with KR. Strict proof is demanded.

26.    Denied. Defendant lacks information or knowledge sufficient to form a belief as to Plaintiff's allegations regarding his report to his parent or the sexual assault allegation altogether. In the event that a response is deemed necessary, these averments are denied and strict proof is demanded.

4

27.     Denied. The averments of paragraph 27 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, it is expressly denied that a sexual assault of the student MDB took place.  By way of further response, the administrator of which the Plaintiff relies upon to verify such information is no longer with the district.  For such reason, strict proof is demanded.

28.     Denied. The averments of paragraph 28 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District is without sufficient information or knowledge to substantiate such allegations and thus such is denied.   Strict proof is demanded.   By way of further response, Defendants lack information or knowledge sufficient to form a belief as to Plaintiff's discussion with Punxsutawney.  In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

29.     Denied. The averments of paragraph 29 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, it is expressly denied that a sexual assault of the student MDB took place.   For such reason, strict proof is demanded.

30.     Denied. The averments of paragraph 30 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, it is expressly denied that a sexual assault of the student MDB took place.   For such reason, strict proof is demanded.

31.     Denied. The averments of paragraph 31 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, it is expressly denied that a sexual assault of the student MDB took place.   For such reason, strict proof is demanded.

32.     Denied. The averments of paragraph 32 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, it is expressly denied that

5

MDB was in immediate danger of sexual assault or that there was any prior sexual assault nor the need to propose a plan to ensure no reoccurrence of sexual assault. Strict proof is demanded.

33.     Denied. The averments of paragraph 33 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District is without sufficient information or knowledge to substantiate such allegations and thus such is denied. By way of further response, Defendants lack information or knowledge sufficient to form a belief as to Plaintiff's discussion with Punxsutawney. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

34.     Denied. The averments of paragraph 34 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, it is expressly denied that Mr. Bradley failed to take any action regarding any alleged sexual assault or that there was any actual prior sexual assault. By way of further response, the district, through Mr. Bradley, took all necessary actions to ensure the future safety of the student while riding the van to and from Punxsutawney. Strict proof is demanded.

35.     Denied. The averments of paragraph 35 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District is without sufficient information or knowledge to substantiate such allegations and thus such is denied. By way of further response, Defendants lack information or knowledge sufficient to form a belief as to Plaintiff's discussion with Tri-County. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

36.     Denied. The averments of paragraph 36 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District is without sufficient information or knowledge to substantiate such allegations and thus

such is denied. By way of further response, Defendants lack information or knowledge sufficient to form a belief as to Plaintiff's actions regarding the police. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

37.     Admitted in part and denied in part. It is admitted that Plaintiff attended school board meetings and had phone calls with administrators regarding his student; however, it is denied that there has been any conduct on the part of Defendant that constitutes a deprivation of any right or privilege of Plaintiff including, but not limited to not ensuring the safety, well-being and general care of student.

38.     Admitted in part and denied in part. It is admitted that Plaintiff decided to drive his son to school for the remainder of the 2015-2016 school year; however, it is denied that there has been any conduct on the part of Defendant that constitutes a deprivation of any right or privilege of Plaintiff including, but not limited to not ensuring the safety, well-being and general care of student.

39.     Denied. The averments of paragraph 39 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District is without sufficient information or knowledge to substantiate such allegations and thus such is denied. By way of further response, Defendants lack information or knowledge sufficient to form a belief as to actions taken by Punxsutawney. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

40.     Denied. The averments of paragraph 40 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District is without sufficient information or knowledge to substantiate such allegations and thus such is denied. By way of further response, Defendants lack information or knowledge sufficient

to form a belief as to allegations being raised by Plaintiff regarding student's interactions on Punxsutawney's premises and students alleged suffering of intimidation, harassment, emotional distress, and physical manifestations of psychological anguish. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

41.    Denied. The averments of paragraph 41 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District is without sufficient information or knowledge to substantiate such allegations and thus such is denied.  By way of further response, Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding student's interactions on Punxsutawney's premises and students alleged emotional distress and hostile environment. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

42.    Denied. The averments of paragraph 42 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District is without sufficient information or knowledge to substantiate such allegations and thus such is denied.  By way of further response, Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding student's interactions on Punxsutawney's premises and students alleged emotional distress and hostile environment and right to access his education. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

43.    Denied. The averments of paragraph 41 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District is without sufficient information or knowledge to substantiate such allegations and thus such is denied.  By way of further response, Defendants lack information or knowledge sufficient

8

to form a belief as to allegations being raised by Plaintiff regarding Punxsutawney's failure to protect student and the alleged deliberate indifference to plaintiff's requests. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

44. Admitted in part and denied in part. It is admitted that Plaintiff requested an aide on the bus which Defendant, Purchase Line School District did not object to; however, it is denied that there has been any conduct on the part of Defendant that constitutes a deprivation of any right or privilege of Plaintiff including, but not limited to not ensuring the safety, well-being and general care of student.

45. Admitted in part and denied in part. It is admitted that Plaintiff requested an aide on the bus which Defendant, Purchase Line School District did not object to; however, it is denied that there has been any conduct on the part of Defendant that constitutes a deprivation of any right or privilege of Plaintiff including, but not limited to not ensuring the safety, well-being and general care of student. By way of further response, Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding Punxsutawney's failure to pay for or agree to place an aide on the van. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

46. Denied. The averments of paragraph 46 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District is without sufficient information or knowledge to substantiate such allegations and thus such is denied. By way of further response, Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding Punxsutawney's direction that students sit apart on the van and that parent was told that if this was not acceptable to him

that Plaintiff could explore other options. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

47.    Denied. The averments of paragraph 47 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District is without sufficient information or knowledge to substantiate such allegations and thus such is denied.  By way of further response, Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding Punxsutawney's letter to Mr. Bridge. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

48.    Denied. The averments of paragraph 48 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District is without sufficient information or knowledge to substantiate such allegations and thus such is denied.  By way of further response, Defendant denies that student would have been in a hostile environment or be caused severe emotional distress. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

49.    Denied. The averments of paragraph 49 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District is without sufficient information or knowledge to substantiate such allegations and thus such is denied.  By way of further response, Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding Parent having no choice but to withdraw the student from Punxsutawney and enroll him in Northern Cambria Catholic School for the 2016-2017 school year. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

50.     Denied. The averments of paragraph 50 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District is without sufficient information or knowledge to substantiate such allegations and thus such is denied.  By way of further response, Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding his choice of educational placement institutions.  In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

51.     Denied. The averments of paragraph 51 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District acknowledges that Parent filed a complaint with OCR; however, Purchase Line specifically denies said allegations as Purchase Line School District has NOT admitted guilt to any misconduct or violations of the law including Title IX.  In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

52.     The averments of paragraph 52 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District specifically denies said allegations as Purchase Line School District has NOT admitted guilt to any misconduct or violations of the law including any obligations as alleged under Title IX of the Education Amendments of 1972, 20 U.S.C. §1681(a).  In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

53.     Denied. The averments of paragraph 53 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District acknowledges that Parent filed a complaint with OCR and OCR investigated such complaint; however, Purchase Line specifically denies said allegations as Purchase Line School

District has NOT admitted guilt to any misconduct or violations of the law including Title IX.   In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

54.      Denied. The averments of paragraph 54 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District acknowledges that Parent filed a complaint with OCR and OCR investigated such complaint; however, Purchase Line specifically denies said allegations as Purchase Line School District has NOT admitted guilt to any misconduct or violations of the law including Title IX.   In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

55.      Denied. The averments of paragraph 55 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District acknowledges that Parent filed a complaint with OCR and OCR investigated such complaint; however, Purchase Line specifically denies said allegations as Purchase Line School District has NOT admitted guilt to any misconduct or violations of the law including Title IX.   In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

56.      Denied. The averments of paragraph 56 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District acknowledges that Parent filed a complaint with OCR and OCR investigated such complaint; however, Purchase Line specifically denies said allegations as Purchase Line School District has NOT admitted guilt to any misconduct or violations of the law including Title IX.   In

the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

57.     Denied. The averments of paragraph 57 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District is without sufficient information or knowledge to substantiate such allegations and thus such is denied.  By way of further response, Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding student's alleged suffering of anxiety, depression, emotional distress, and physical manifestations of psychological anguish. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

58.     Denied. The averments of paragraph 58 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District does have policies and procedures in place to address legitimate concerns regarding Title IX complaints.  In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

59.     Denied. The averments of paragraph 59 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District does have policies and procedures in place to address legitimate concerns regarding Title IX complaints.  By way of further response, Purchase Line School District has NOT admitted guilt to any misconduct or violations of the law including Title IX and denies the allegations regarding any alleged failure to do so. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

13

60.     Denied. The averments of paragraph 60 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District denies the allegations regarding the following injuries:

a.   Denied. Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding student's alleged suffering of Nervousness. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded;

b.   Denied. Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding student's alleged suffering of Emotional tension. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded;

c.   Denied. Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding student's alleged suffering of Anxiety. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded,

d.   Denied. Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding student's alleged suffering of Depression. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded;

e.   Denied. Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding student's alleged suffering of Physical manifestations of psychological anguish, including migraines, nausea,

vomiting, and panic attacks. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded; and

f.  Denied. Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding student's alleged suffering of any other injuries to be proven at trial. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

61.  Denied. The averments of paragraph 61 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District denies the allegations regarding any alleged negligence, carelessness, and/or recklessness of Defendants. By way of further response, Purchase Line School District denies the allegations regarding the following damage claims:

a.  Denied. Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding student's alleged suffering of great pain, suffering, inconvenience, embarrassment, mental anguish, and emotional and psychological trauma. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded;

b.  Denied. Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding student's requirement to expend large sums of money for medical treatment and care, psychological treatment and counseling, hospitalization, medical supplies, rehabilitation and therapeutic treatment, medicines and other attendance services. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded;

     c.  Denied. Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding student's alleged inability to enjoy various pleasure of life that were previously enjoyed. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded; and

     d.  Denied. Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding student's alleged loss and impairment of general health, strength and vitality. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

62.    Denied. The averments of paragraph 62 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District denies the allegations regarding the following injuries sustained by Parents:

     a.  Denied. Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding Parents' alleged suffering of Nervousness. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded;

     b.  Denied. Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding Parents' alleged suffering of Emotional tension. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded;

     c.  Denied. Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding Parents' alleged suffering of

16

Anxiety. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded,

d. Denied. Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding Parents' alleged suffering of Depression. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded;

e. Denied. Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding Parents' alleged suffering of Physical manifestations of psychological anguish, including migraines, nausea, vomiting, and panic attacks. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded; and

f. Denied. Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding Parents' alleged suffering of any other injuries to be proven at trial. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

63. Denied. The averments of paragraph 63 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District denies the allegations regarding any alleged negligence, carelessness, and/or recklessness of Defendants. By way of further response, Purchase Line School District denies the allegations regarding the following damage claims suffered by Parents:

a. Denied. Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding Parents' alleged suffering of great pain, suffering, inconvenience, embarrassment, mental anguish, and

emotional and psychological trauma. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded;

b.  Denied. Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding Parents' requirement to expend large sums of money for medical treatment and care, psychological treatment and counseling, hospitalization, medical supplies, rehabilitation and therapeutic treatment, medicines and other attendance services for both himself and for Student. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded;

c.  Denied. Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding Parents' requirement to expend large sums of money for transportation for Student's continued schooling; and

d.  Denied. Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding Parents' alleged inability to enjoy various pleasure of life that were previously enjoyed. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded; and

e.  Denied.  Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding Parents' alleged impairment of Parent's relationship with Student due to Student's anxiety, depression, and psychological trauma. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded; and

18

    f.   Denied. Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding Parents' alleged loss and impairment of general health, strength and vitality. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

**First Cause of Action**

**Violation of Title IX, 20 U.S.C. §1681**

**Plaintiffs, MDB, a minor, by Michael J. Bridge, his guardian and Michael J. Bridge**

**v. Defendant Purchase Line School District**

64.    Defendants' responses to paragraphs 1 through 63 of Plaintiff's Amended Complaint are incorporated by reference herein as of set forth at length.

65.    The averments of paragraph 65 are conclusions of law to which no responsive pleading is required.  To the extent an answer is required, Defendant expressly denies that there was a sexual assault which placed student in a hostile environment and that any such conduct of Defendant was sufficiently serious and/or interfered with  and/or limited Student's ability to participate in or benefit from his education program.  Strict proof is demanded.

66.    Denied. The averments of paragraph 66 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, it is expressly denied that Purchase Line violated any of its transportation policies regarding plaintiff.  For such reason, strict proof is demanded.

67.    Denied. The averments of paragraph 67 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, it is expressly denied

that a sexual assault of the student MDB took place.   For such reason, strict proof is demanded.

68.      Denied. The averments of paragraph 68 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, it is expressly denied that a sexual assault of the student MDB took place and that Purchase Line failed to respond in a prompt and equitable manner by taking immediate action to eliminate the harassment, prevent is recurrence, and address its effects.   For such reason, strict proof is demanded.

69.      Denied. The averments of paragraph 69 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, it is expressly denied that a sexual assault of the student MDB took place or created a hostile environment. For such reason, strict proof is demanded.

70.      Denied. The averments of paragraph 70 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District acknowledges that Parent filed a complaint with OCR; however, Purchase Line specifically denies that Purchase Line School District has admitted guilt to any misconduct or violations of the law including Title IX or allegations regarding the creation of a hostile education environment or that the district failed to act to protect the student.  In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

71.      Denied. The averments of paragraph 71 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, it is expressly denied that student was sexually assaulted by another student, or that Purchase Line was

deliberately indifferent or that they did or had notice of the creation of a hostile environment.  By way of further response, Purchase Line School District took all necessary measures to protect the student while being transported.  Strict proof is demanded.

72.      Denied. The averments of paragraph 72 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, it is expressly denied that parent did not have access to all policies and procedures as well as grievance procedures/reporting form as all such information was publically available on the district website for such access.  Strict proof is demanded.

73.      Denied. The averments of paragraph 73 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, it is expressly denied that student was sexually assaulted by another student, or that the district failed to take all necessary measures to protect the student.  Strict proof is demanded.

74.      Denied. The averments of paragraph 74 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, it is expressly denied that student was sexually assaulted by another student, or that the district failed to take all necessary measures to protect the student in compliance with the law.  Strict proof is demanded.

75.      Denied. The averments of paragraph 75 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, it is expressly denied that parent did not have access to all policies and procedures as well as grievance procedures/reporting form as all such information was publically available on the district website for such access.  Strict proof is demanded.

76.     Denied. The averments of paragraph 76 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, it is expressly denied that parent did not have access to all policies and procedures as well as grievance procedures/reporting form and the individual who is the title IX coordinator as all such information was publically available on the district website for such access. Strict proof is demanded.

77.     Denied. The averments of paragraph 77 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, it is expressly denied that parent did not have access to all policies and procedures as well as grievance procedures/reporting form, processes for student referrals and complaints and the individual who is the title IX coordinator as all such information was publically available on the district website for such access. Strict proof is demanded.

78.     Denied. The averments of paragraph 78 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District is without sufficient information or knowledge to substantiate such allegations and thus such is denied. By way of further response, Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding student's alleged suffering of permanent physical and psychological trauma, harassment, emotional distress, and physical manifestations of psychological anguish. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

79.     Denied. The averments of paragraph 79 are conclusions of law to which no responsive pleading is required; to the extent an answer is required, Purchase Line School District is without sufficient information or knowledge to substantiate such allegations

and thus such is denied.  By way of further response, Defendants lack information or knowledge sufficient to form a belief as to allegations being raised by Plaintiff regarding student's Parents alleged suffering of permanent, , emotional distress, and physical and psychological and compensatory damages due to his relationship as Student's parent. In the event that a response is deemed necessary, this averment is denied and strict proof is demanded.

Wherefore, Defendant denies that Plaintiff is entitled to any recovery or relief whatsoever from Defendant and demand strict proof of the damages alleged.   Defendant requests that Plaintiff's demands for compensatory damages and punitive damages, attorney fees and costs of suit, and such other relief, all be denied.

### Second Cause of Action

80.- 94.        This cause of action has been dismissed with prejudice.

### Third Cause of Action

95.- 109.       This cause of action has been dismissed with prejudice.

### Fourth Cause of Action

110.- 124.      This cause of action has been dismissed with prejudice.

### Fifth Cause of Action

125.- 133.      This cause of action has been dismissed with prejudice.

### Sixth Cause of Action

134.- 143.      This cause of action has been dismissed with prejudice.

### Seventh Cause of Action

144.- 151.      This cause of action has been dismissed with prejudice.

### Eighth Cause of Action

152.- 157.    This cause of action has been dismissed with prejudice.

### Ninth Cause of Action

158.    Defendants' responses to paragraphs 1 through 158 of Plaintiff's Amended Complaint are incorporated by reference herein as if set forth at length.

159- 164.    The averments of paragraphs 159 through 164 are conclusions of law to which no responsive pleading is required nor does such allegations reference Defendant, Purchase Line School District. To the extent paragraphs 159 through 164 make allegations against Defendant, Purchase Line School District, these averments are expressly denied and strict proof is demanded.

### Affirmative Defenses

1.    Plaintiff's Complaint fails in whole or in part to state a claim against the Defendant upon which relief can be granted.

2.    Plaintiff is unable to establish a prima facie case of sex discrimination or the creation of a hostile environment.

3.    No unlawful acts were authorized, condoned or ratified by the Defendant.

4.    Plaintiff and/or Plaintiff's Parent has failed to mitigate any damages he claims to have suffered.

5.    Plaintiff has not suffered any damages from alleged discriminatory and/or unlawful conduct under Title IX or any other federal law.

6.    Defendants have at all times complied with all federal and state statutes, or, have made a good faith effort to comply with all federal and state statutes, including Title IX.

7.      The Plaintiff has failed to set forth and is unable to establish an entitlement to any relief or damages.

8.      At all times relevant hereto, the Defendant had in place policies and procedures to prevent unlawful discrimination and/or sexual harassment.

9.      Plaintiff's claims are barred in whole or part because Defendant is protected by governmental immunity.

10.     Plaintiff's claims are barred in whole or part because Defendant is protected by quasi-judicial immunity. *Keystone Redevelopment Partners, LLC v. Decker*, 631 F.3d 89 (3d Cir. 2011); *Riverwalk Casino, LP v. Pennsylvania Gaming Control Board*, 926 A.2d 926 (Pa. 2007).

11.     Plaintiff's claims are barred in whole or part because Defendant is protected by local agency immunity pursuant to the Political Subdivision Tort Claims Act, 42 Pa.C.S.§8541 et seq. ("PSTCA").

12.     Plaintiff has failed to allege that the some or all of the redress he seeks from Defendant is recoverable under a common law or statutory right of action.

13.     Defendant further affirmatively pleads the defenses of estoppels, laches, res judicata, collateral estoppel, waiver, and failure to exhaust administrative remedies.

14.     Defendant reserves the right to assert any additional affirmative defenses as Plaintiff's claims are more fully disclosed.

WHEREFORE, Defendant denies any and all liability to Plaintiff and demands judgment in its favor and any other relief this Honorable Court believes just and proper.

Respectfully Submitted:

**BEARD LEGAL GROUP, P.C.**

__/s/ Ronald N. Repak_____
Ronald N. Repak, Esquire
Pa. I.D. No.309138
Attorney for Purchase Line
School District
BEARD LEGAL GROUP
3366 Lynnwood Drive
P.O. Box 1311
Altoona, PA  16603-1311
(814) 943-7796
rrepak@beardlegalgroup.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MDB, A MINOR, BY MICHAEL J. | : | CIVIL ACTION |
| BRIDGE, HIS GUARDIAN AND | : | |
| MICHAEL J. BRIDGE, | : | |
| Plaintiffs, | : | No.: 2:18-cv-01079-MRH |
| | : | |
| v. | : | |
| | : | |
| PURCHASE LINE SCHOOL DISTRICT, | : | |
| PUNXSUTAWNEY CHRISTIAN | : | |
| SCHOOL, AND TRI-COUNTY | : | |
| TRANSPORTATION, INC. | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I, Ronald N. Repak, Esquire, and Beard Legal Group, P.C., hereby certify that a true and correct copy of the Answer and New Matter to Plaintiffs' Amended Complaint pursuant to Fed.R.Civ.P. on behalf of Purchase Line School District, has been served on the following parties of record via U.S. Western District's Electronic Case Filing System on this 8th day of July, 2019:

Ruder Law, LLC
Attn: Alicia M. Simpson
Suite 450
Pittsburgh, PA 15219
aliciasimpson@ruderlaw.com

Lewis Brisbois
Attn: Todd Gray
429 Fourth Avenue
Suite 805
Pittsburgh, PA 15219
Kyle.Black@lewisbrisbois.com

Kenneth J. Hardin, II
Hardin Thompson, P.C.
The Frick Building
437 Grant St., Suite 620
Pittsburgh, PA 15219
Attorney for Punxsutawney Christian

Respectfully submitted:

_/s/ Ronald N. Repak_
Ronald N. Repak, Esquire
Pa. I.D. No.309138
BEARD LEGAL GROUP
3366 Lynnwood Drive
Altoona, PA 16603-1311
(814) 943-7796
rrepak@beardlegalgroup.com

27