# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MDB, A MINOR, BY MICHAEL
J. BRIDGE, HIS GUARDIAN
AND MICHAEL J. BRIDGE,

          Plaintiffs,

vs.

PURCHASE LINE SCHOOL DISTRICT,
PUNXSUTAWNEY CHRISTIAN
SCHOOL, AND TRI-COUNTY
TRANSPORTATION, INC.

          Defendants.

CIVIL DIVISION

CASE NO. 2:18-CV-01079

## ANSWER TO AMENDED COMPLAINT

NOW COMES Defendant Tri-County Transportation, Inc. ("Defendant" or "Tri-County"), by and through its counsel, Todd A. Gray, Esquire and the law firm of Lewis Brisbois Bisgaard & Smith setting forth its Answer and Affirmative Defenses to Plaintiffs' Amended Complaint (the "Amended Complaint") as follows:

A.    *Preliminary Statement*

1.    The allegations contained in Paragraph 1 of Plaintiffs' Amended Complaint are specifically denied for the reason that, after a reasonable investigation, Defendant is without information or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 1 of Plaintiffs' Amended Complaint, and therefore denies same for want of knowledge.

B.  *Jurisdiction and Venue*

2.      Tri-County admits in part and denies in part the allegations in Paragraph 2 of Plaintiffs' Complaint.  It is admitted that this court has subject matter jurisdiction pursuant to 28 U.S.C. §1331  but denies that any conduct of Tri-County has deprived Plaintiffs of any right or privilege of the referenced laws.

3.      Admitted in part and denied in part. Tri-County admits to the Court's jurisdiction of claims under 28 U.S.C. §1367 but denies that any conduct of Tri-County deprived Plaintiffs of any right or privilege of the referenced laws.

4.      Admitted in part and denied in part. Tri-County admits that this action was filed under 28 U.S.C. §1391(b) but denies that any conduct of Tri-County deprived Plaintiffs of any right or privilege of the referenced laws.

C.  *Parties*

5.      The averments in Paragraph 5 of Plaintiffs' Amended Complaint are conclusions of law to which no response is required. To the extent that a response is deemed necessary, after reasonable investigation this Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of Plaintiffs' Amended Complaint.

6.      The averments in Paragraph 6 of Plaintiffs' Amended Complaint are conclusions of law to which no response is required. To the extent that a response is deemed necessary, after reasonable investigation this Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of Plaintiffs' Amended Complaint.

7.      The averments in Paragraph 7 of Plaintiffs' Amended Complaint are conclusions of law to which no response is required. To the extent that a response is deemed necessary, after

reasonable investigation this Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of Plaintiffs' Amended Complaint.

8.     The averments in Paragraph 8 are denied in that they are not directed to Tri-County. To the extent the averments in Paragraph 8 of Plaintiffs' Amended Complaint are directed at Tri-County, they are denied as conclusions of law to which no response is required. To the extent that a response is deemed necessary, after reasonable investigation this Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of Plaintiffs' Amended Complaint.

9.     The averments in Paragraph 9 are denied in that they are not directed to Tri-County. To the extent the averments in Paragraph 9 of Plaintiffs' Amended Complaint are directed at Tri-County, they are denied as conclusions of law to which no response is required. To the extent that a response is deemed necessary, after reasonable investigation this Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of Plaintiffs' Amended Complaint.

10.     The averments in Paragraph 10 are denied in that they are not directed to Tri-County. To the extent the averments in Paragraph 10 of Plaintiffs' Amended Complaint are directed at Tri-County, they are denied as conclusions of law to which no response is required. To the extent that a response is deemed necessary, after reasonable investigation this Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of Plaintiffs' Amended Complaint.

11.     The averments in Paragraph 11 are denied in that they are not directed to Tri-County. To the extent the averments in Paragraph 11 of Plaintiffs' Amended Complaint are directed at Tri-County, they are denied as conclusions of law to which no response is required. To the extent that a

response is deemed necessary, after reasonable investigation this Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of Plaintiffs' Amended Complaint.

12.     The averments in Paragraph 12 are denied in that they are not directed to Tri-County. To the extent the averments in Paragraph 12 of Plaintiffs' Amended Complaint are directed at Tri-County, they are denied as conclusions of law to which no response is required. To the extent that a response is deemed necessary, after reasonable investigation this Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of Plaintiffs' Amended Complaint.

13.     The averments in Paragraph 13 are denied in that they are not directed to Tri-County. To the extent the averments in Paragraph 13 of Plaintiffs' Amended Complaint are directed at Tri-County, they are denied as conclusions of law to which no response is required. To the extent that a response is deemed necessary, after reasonable investigation this Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of Plaintiffs' Amended Complaint.

14.     The averments in Paragraph 14 are denied in that they are not directed to Tri-County. To the extent the averments in Paragraph 14 of Plaintiffs' Amended Complaint are directed at Tri-County, they are denied as conclusions of law to which no response is required. To the extent that a response is deemed necessary, after reasonable investigation this Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of Plaintiffs' Amended Complaint.

15.     Admitted.

16.    The averments in Paragraph 16 of Plaintiffs' Amended Complaint are denied as conclusions of law to which no response is required. To the extent that a response is deemed necessary, Plaintiffs' allegation is vague and overly broad in scope to form a belief as to the truth of the averments contained in this Paragraph of Plaintiffs' Amended Complaint; the allegations in Paragraph 16 are specifically denied.

D.    *Factual History*

17.    The allegations in Paragraph 17 are not directed at Tri-County. To the extent the averments are directed at Tri-County and a response is deemed necessary, Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 17 and as such specifically deny the same for want of knowledge.

18.    The allegations contained in Paragraph 18 are not directed at Tri-County and are conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 18 are specifically denied.

19.    The averments in Paragraph 19 of Plaintiffs' Amended Complaint are specifically denied as conclusions of law to which no response is required. To the extent that a response is deemed necessary, after reasonable investigation this Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 19.

20.    The averments in Paragraph 20 of Plaintiffs' Amended Complaint are specifically denied as conclusions of law to which no response is required. To the extent that a response is deemed necessary, after reasonable investigation this Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 20.

21.    The allegations contained in Paragraph 21 of Plaintiff's Amended Complaint, are specifically denied for the reason that, after a reasonable investigation, Defendant is without

information or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained therein, and therefore denies same for want of knowledge. Further, Plaintiffs' allegation is vague and overly broad in scope to form a belief as to the truth of the averments contained in this Paragraph of Plaintiffs' Amended Complaint and are specifically denied.

22.     The averments in Paragraph 22 of Plaintiffs' Amended Complaint are denied as conclusions of law to which no response is required. To the extent that a response is deemed necessary, after reasonable investigation this Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of Plaintiffs' Amended Complaint.

23.     The allegations contained in Paragraph 23 of Plaintiffs' Amended Complaint are specifically denied for the reason that, after a reasonable investigation, Defendant is without information or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 23 of Plaintiffs' Amended Complaint, and therefore denies same for want of knowledge.

24.     The allegations contained in Paragraph 24 of Plaintiffs' Amended Complaint are specifically denied for the reason that, after a reasonable investigation, Defendant is without information or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 24 of Plaintiffs' Amended Complaint, and therefore denies same for want of knowledge.

25.     The averments in Paragraph 25 of Plaintiffs' Amended Complaint, are denied as conclusions of law to which no response is required. To the extent that a response is deemed necessary, after reasonable investigation this Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 25.

26. The averments in Paragraph 26 of Plaintiffs' Amended Complaint are denied as conclusions of law to which no response is required. To the extent that a response is deemed necessary, after reasonable investigation this Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of Plaintiffs' Amended Complaint.

27. The averments in Paragraph 27 of Plaintiffs' Amended Complaint are denied as conclusions of law to which no response is required. To the extent that a response is deemed necessary, after reasonable investigation this Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of Plaintiffs' Amended Complaint.

28. The allegations contained in Paragraph 28 of Plaintiffs' Amended Complaint are specifically denied for the reason that Defendant is without information or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained therein. The allegations contained in Paragraph 28 are specifically denied for want of knowledge.

29. The averments in Paragraph 29 are denied in that they are not directed to Tri-County. To the extent the averments in Paragraph 29 of Plaintiffs' Amended Complaint are directed at Tri-County, they are denied as conclusions of law to which no response is required. To the extent that a response is deemed necessary, after reasonable investigation this Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph of Plaintiffs' Amended Complaint.

30. The allegations contained in Paragraph 30 of the Plaintiffs' Amended Complaint are directed to a defendant other than Tri-County and, as such, require no response from this Defendant.

However, to the extent that a response is required, the allegations in Paragraph 30 are specifically denied.

31.     The allegations contained in Paragraph 31 of Plaintiffs' Amended Complaint are specifically denied for the reason that Defendant is without information or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained therein.  The allegations contained in Paragraph 31 are specifically denied for want of knowledge.

32.     The averments in Paragraph 32 of Plaintiffs' Amended Complaint are conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations in Paragraph 32 are specifically denied.

33.     The averments and allegations contained in Paragraph 33 of the Plaintiffs' Amended Complaint are directed to a defendant other than Tri-County and are conclusions of law, as such, require no response from this Defendant. To the extent that a response is deemed necessary or the allegations are directed at Tri-County, said allegations are specifically denied.

34.     The averments and allegations contained in Paragraph 34 of the Plaintiffs' Amended Complaint are directed to a defendant other than Tri-County and are conclusions of law, as such, require no response from this Defendant. To the extent that a response is deemed necessary or the allegations are directed at Tri-County, said allegations are specifically denied.

35.     The averments in Paragraph 35 of Plaintiffs' Amended Complaint are denied as conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations in Paragraph 35 are specifically denied.

36.     The averments and allegations contained in Paragraph 34 of the Plaintiffs' Amended Complaint are directed to a defendant other than Tri-County and are conclusions of law, as such,

require no response from this Defendant. To the extent that a response is deemed necessary or the allegations are directed at Tri-County, said allegations are specifically denied.

37.     The averments and allegations contained in Paragraph 37 of the Plaintiffs' Amended Complaint are directed to a defendant other than Tri-County and are conclusions of law, as such, require no response from this Defendant. To the extent that a response is deemed necessary or the allegations are directed at Tri-County, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 37 of Plaintiffs' Amended Complaint and said allegations are specifically denied.

38.     The allegations contained in Paragraph 38 of Plaintiffs' Amended Complaint are specifically denied for the reason that Defendant is without information or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained therein.  The allegations contained in Paragraph 38 are specifically denied for want of knowledge.

39.     The averments and allegations contained in Paragraph 39 of the Plaintiffs' Amended Complaint are directed to a defendant other than Tri-County and are conclusions of law, as such, require no response from this Defendant. To the extent that a response is deemed necessary, the allegations in Paragraph 39 are specifically denied.

40.     The averments and allegations contained in Paragraph 40 of the Plaintiffs' Amended Complaint are directed to a defendant other than Tri-County and are conclusions of law, as such, require no response from this Defendant. To the extent that a response is deemed necessary the allegations in Paragraph 40 are specifically denied.

41.     The allegations contained in Paragraph 41of the Plaintiffs' Amended Complaint are directed to a defendant other than Tri-County and are conclusions of law and, as such, require no

response from this Defendant. However, to the extent that a response is required, the allegations in Paragraph 41 are specifically denied.

42. The allegations contained in Paragraph 42 of the Plaintiffs' Amended Complaint are directed to a defendant other than Tri-County and are conclusions of law and, as such, require no response from this Defendant. However, to the extent that a response is required, the allegations in Paragraph 42 are specifically denied.

43. The allegations contained in Paragraph 43 of the Plaintiffs' Amended Complaint are directed to a defendant other than Tri-County and are conclusions of law and, as such, require no response from this Defendant. However, to the extent that a response is required, the allegations in Paragraph 43 are specifically denied.

44. The allegations contained in Paragraph 44 of the Plaintiffs' Amended Complaint are directed to a defendant other than Tri-County and are conclusions of law and, as such, require no response from this Defendant. However, to the extent that a response is required, the allegations in Paragraph 44 are specifically denied.

45. The allegations contained in Paragraph 45 of Plaintiffs' Amended Complaint are specifically denied for the reason that Defendant is without information or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained therein. The allegations contained in Paragraph 45 are specifically denied for want of knowledge.

46. The allegations contained in Paragraph 46 of the Plaintiffs' Amended Complaint are directed to a defendant other than Tri-County and are conclusions of law and, as such, require no response from this Defendant. However, to the extent that a response is required, the allegations in Paragraph 46 are specifically denied.

47.     The allegations contained in Paragraph 47 of Plaintiffs' Amended Complaint are specifically denied for the reason that Defendant is without information or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained therein.  The allegations contained in Paragraph 47 are specifically denied for want of knowledge.

48.     The averments in Paragraph 48 of Plaintiffs' Amended Complaint are denied as conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations in Paragraph 48 are specifically denied.

49.     The allegations contained in Paragraph 49 of Plaintiffs' Amended Complaint are specifically denied for the reason that Defendant is without information or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained therein.  The allegations contained in Paragraph 49 are specifically denied for want of knowledge.

50.     The allegations contained in Paragraph 50 of Plaintiffs' Amended Complaint are specifically denied for the reason that Defendant is without information or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained therein.  The allegations contained in Paragraph 50 are specifically denied for want of knowledge.

51.     The averments in Paragraph 51 of Plaintiffs' Amended Complaint are denied as conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations in Paragraph 51 are specifically denied.

52.     The averments and allegations contained in Paragraph 52 of the Plaintiffs' Amended Complaint are conclusions of law, as such, require no response from this Defendant. To the extent that a response is deemed necessary, the allegations in Paragraph 52 are specifically denied.

53.     The allegations contained in Paragraph 53 of Plaintiffs' Amended Complaint are specifically denied for the reason that Defendant is without information or knowledge sufficient to

form a belief as to the truth or veracity of the allegations contained therein. The allegations contained in Paragraph 53 are specifically denied for want of knowledge.

54.     The allegations contained in Paragraph 54 of Plaintiffs' Amended Complaint are specifically denied for the reason that Defendant is without information or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained therein. The allegations contained in Paragraph 54 are specifically denied for want of knowledge.

55.     The allegations contained in Paragraph 55 of Plaintiffs' Amended Complaint are specifically denied for the reason that Defendant is without information or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained therein. The allegations contained in Paragraph 55 are specifically denied for want of knowledge.

56.     The allegations contained in Paragraph 56 of Plaintiffs' Amended Complaint are specifically denied for the reason that Defendant is without information or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained therein. The allegations contained in Paragraph 56 are specifically denied for want of knowledge.

57.     The averments in Paragraph 57 of Plaintiffs' Amended Complaint are denied as conclusions of law to which no response is required. To the extent that a response is deemed necessary, the allegations in Paragraph 57 are specifically denied.

58.     The averments and allegations contained in Paragraph 58 of the Plaintiffs' Amended Complaint are directed to a defendant other than Tri-County and are conclusions of law, as such, require no response from this Defendant. To the extent that a response is deemed necessary, the allegations in Paragraph 58 are specifically denied.

59.     The averments and allegations contained in Paragraph 59 of the Plaintiffs' Amended Complaint are directed to a defendant other than Tri-County and are conclusions of law, as such,

require no response from this Defendant. To the extent that a response is deemed necessary, the allegations in Paragraph 59 are specifically denied.

60.     The allegations contained in Paragraph 60 of the Plaintiff's Amended Complaint, including subparagraphs (a)-(f), are conclusions of law and require no response. To the extent that a response is deemed necessary, the allegations in Paragraph 60, including subparagraphs (a)-(f), are specifically denied.

61.     The allegations contained in Paragraph 61 of the Plaintiff's Amended Complaint, including subparagraphs (a)-(d), are conclusions of law and require no response.  To the extent that a response is deemed necessary, the allegations in Paragraph 61, including subparagraphs (a)-(d), are specifically denied.

62.     The allegations contained in Paragraph 62 of the Plaintiff's Amended Complaint, including subparagraphs (a)-(f), are conclusions of law and require no response. To the extent that a response is deemed necessary, the allegations in Paragraph 62, including subparagraphs (a)-(f), are specifically denied.

63.     The allegations contained in Paragraph 63 of the Plaintiff's Amended Complaint, including subparagraphs (a)-(f), are conclusions of law and require no response. To the extent that a response is deemed necessary, the allegations in Paragraph 63, including subparagraphs (a)-(f), are specifically denied.

**FIRST CAUSE OF ACTION**
**Violation of Title IX, 20 U.S.C. § 1681**
**Plaintiffs, MDB, a minor, by Michael J. Bridge, his guardian and Michael J. Bridge**
**v. Defendant Purchase Line School District**

64.     All preceding paragraphs of this Complaint are incorporated herein.

65-79. The averments and allegations contained in Paragraphs 65-79 of the Plaintiffs' Amended Complaint are directed to a defendant other than Tri-County and are conclusions of law, as

such, require no response from this Defendant. To the extent that a response is deemed necessary or the allegations are directed at Tri-County, said allegations are specifically denied.

## SECOND CAUSE OF ACTION
### Violation of Title IX, 20 U.S.C. § 1681
**Plaintiffs, MDB, a minor, by Michael J. Bridge, his guardian and Michael J. Bridge
v. Defendant Punxsutawney Christian School**

80-94. The averments and allegations contained in Paragraphs 80-94 of the Plaintiffs' Amended Complaint are directed to a defendant other than Tri-County and are conclusions of law, as such, require no response from this Defendant. To the extent that a response is deemed necessary or the allegations are directed at Tri-County, said allegations are specifically denied. This cause of action has been dismissed with prejudice per Honorable Judge Hornak's opinion dated May 3, 2019.

## THIRD CAUSE OF ACTION
### Violation of 42 U.S.C. § 1983
**Plaintiffs, MDB, a minor, by Michael J. Bridge, his guardian and Michael J. Bridge v. Defendant Purchase Line School District
(For Injury to Bodily Integrity as a Result of State Created Harm)**

95. All preceding paragraphs are incorporated by reference.

96-109. The averments and allegations contained in Paragraphs 96-109 of the Plaintiffs' Amended Complaint are directed to a defendant other than Tri-County and are conclusions of law, as such, require no response from this Defendant. To the extent that a response is deemed necessary or the allegations are directed at Tri-County, said allegations are specifically denied. This cause of action has been dismissed with prejudice per Honorable Judge Hornak's opinion dated May 3, 2019.

## FOURTH CAUSE OF ACTION
### Violation of 42 U.S.C. § 1983
**Plaintiffs, MDB, a minor, by Michael J. Bridge, his guardian and Michael J. Bridge v. Defendant Punxsutawney Christian School
(For Injury to Bodily Integrity as a Result of State Created Harm)**

110. All preceding paragraphs are incorporated by reference.

111-124.  The averments and allegations contained in Paragraphs 111-124 of the Plaintiffs' Amended Complaint are directed to a defendant other than Tri-County and are conclusions of law, as such, require no response from this Defendant. To the extent that a response is deemed necessary or the allegations are directed at Tri-County, said allegations are specifically denied. This cause of action has been dismissed with prejudice per Honorable Judge Hornak's opinion dated May 3, 2019.

### FIFTH CAUSE OF ACTION
**Violation of 42 U.S.C. § 1983**
**Plaintiffs, MDB, a minor, by Michael J. Bridge, his guardian and Michael J. Bridge v.**
**Defendant Purchase Line School District**
**(*Monell* Liability For Failure to Train and Supervise)**

125.  All preceding paragraphs are incorporated by reference.

126-133.  The averments and allegations contained in Paragraphs 126-133 of the Plaintiffs' Amended Complaint are directed to a defendant other than Tri-County and are conclusions of law, as such, require no response from this Defendant. To the extent that a response is deemed necessary or the allegations are directed at Tri-County, said allegations are specifically denied. This cause of action has been dismissed with prejudice per Honorable Judge Hornak's opinion dated May 3, 2019.

### SIXTH CAUSE OF ACTION
**Violation of 42 U.S.C. § 1983**
**Plaintiffs, MDB, a minor, by Michael J. Bridge, his guardian and Michael J. Bridge v.**
**Defendant Punxsutawney Christian School**
**(*Monell* Liability For Failure to Train and Supervise**

134.  All preceding paragraphs are incorporated by reference.

135-143.  The averments and allegations contained in Paragraphs 134-143 of the Plaintiffs' Amended Complaint are directed to a defendant other than Tri-County and are conclusions of law, as such, require no response from this Defendant. To the extent that a response is

deemed necessary or the allegations are directed at Tri-County, said allegations are specifically denied. This cause of action has been dismissed with prejudice per Honorable Judge Hornak's opinion dated May 3, 2019.

## SEVENTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
**Plaintiffs, MDB, a minor, by Michael J. Bridge, his guardian and Michael J. Bridge v. Defendants Punxsutawney Christian School and Tri-County Transportation, Inc.**

144.     All preceding paragraphs are incorporated by reference.

145-151.     The averments in Paragraphs 145-151 of Plaintiffs' Amended Complaint are denied as conclusions of law to which no response is required. To the extent that a further response is deemed necessary, Defendant denies all of allegations contained in Paragraphs 145-151 of Plaintiffs' Amended Complaint. This cause of action has been dismissed with prejudice per Honorable Judge Hornak's opinion dated May 3, 2019.

## EIGHTH CAUSE OF ACTION
### Negligence
**Plaintiffs, MDB, a minor, by Michael J. Bridge, his guardian and Michael J. Bridge v. Defendant Punxsutawney Christian School**

152.     All preceding paragraphs are incorporated by reference.

153-157.     The averments and allegations contained in Paragraphs 153-157 of the Plaintiffs' Amended Complaint are directed to a defendant other than Tri-County and are conclusions of law, as such, require no response from this Defendant. To the extent that a response is deemed necessary or the allegations are directed at Tri-County, said allegations are specifically denied. This cause of action has been dismissed with prejudice per Honorable Judge Hornak's opinion dated May 3, 2019.

## NINTH CAUSE OF ACTION
### Negligence
### Plaintiffs, MDB, a minor, by Michael J. Bridge, his guardian and Michael J. Bridge v. Tri-County Transportation, Inc.

158.     All preceding paragraphs are incorporated by reference.

159.     The averments in Paragraph 159 of Plaintiffs' Amended Complaint are denied as conclusions of law to which no response is required. To the extent that a further response is deemed necessary, Defendant specifically denies all allegations contained in Paragraph 159 of Plaintiffs' Amended Complaint.

160.     The averments in Paragraph 160 of Plaintiffs' Amended Complaint are denied as conclusions of law to which no response is required. To the extent that a further response is deemed necessary, Defendant specifically denies all allegations contained in Paragraph 160 of Plaintiffs' Amended Complaint.

161.     The averments in Paragraph 161 of Plaintiffs' Amended Complaint are denied as conclusions of law to which no response is required. To the extent that a further response is deemed necessary, Defendant specifically denies all allegations contained in Paragraph 161 of Plaintiffs' Amended Complaint.

162.     The averments in Paragraph 162 of Plaintiffs' Amended Complaint are denied as conclusions of law to which no response is required. To the extent that a further response is deemed necessary, Defendant specifically denies all allegations contained in Paragraph 162 of Plaintiffs' Amended Complaint.

163.     The averments in Paragraph 163 of Plaintiffs' Amended Complaint are denied as conclusions of law to which no response is required. To the extent that a further response is deemed necessary, Defendant specifically denies all allegations contained in Paragraph 163 of Plaintiffs' Amended Complaint.

164.    The allegations contained in Paragraph 164 of Plaintiffs' Amended Complaint, including subparagraphs (a)-(i), are conclusions of law and no response is required. However, to the extent that a further response is deemed necessary, the allegations in Paragraph 164, including subparagraphs (a)-(i), are specifically denied for the reason that, after a reasonable investigation, Defendant is without information or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 164 of Plaintiff's Amended Complaint, including subparagraphs (a)-(i), and therefore denies same for want of knowledge.

WHEREFORE, per the May 3, 2019 opinion of the Honorable Judge Hornak, Plaintiff Michael J. Bridge's cause of action of negligence against Tri-County was dismissed with prejudice. Defendant demands judgment be entered in its favor and against the remaining Plaintiff, MBD.

### TENTH CAUSE OF ACTION
**Breach of Contract**
**Plaintiffs, MDB, a minor, by Michael J. Bridge, his guardian and Michael J.**
**Bridge v. Defendant Punxsutawney Christian School**

165.    All preceding paragraphs are incorporated by reference.

166-173.    The averments and allegations contained in Paragraphs 166-173 of the Plaintiffs' Amended Complaint are directed to a defendant other than Tri-County and are conclusions of law, as such, require no response from this Defendant. To the extent that a response is deemed necessary or the allegations are directed at Tri-County, said allegations are specifically denied. This cause of action has been dismissed with prejudice per Honorable Judge Hornak's opinion dated May 3, 2019.

WHEREFORE, Defendant denies any and all liability to Plaintiffs and demands judgment in its favor and any other relief this Honorable Court deems just and proper.

**A JURY TRIAL IS DEMANDED.**

## **NEW MATTER**

174.    All preceding paragraphs are incorporated by reference

175.    Plaintiffs' Amended Complaint, in whole or in part, fails to state claims to which relief may be granted under Pennsylvania law.

176.    To the extent established by the facts, all claims are barred by the applicable statute of limitations and/or doctrines of laches, waiver, and/or estoppel.

177.    This Defendant is not jointly and/or severally liable to any party to this action, now or later joined, as a matter of law.

178.    This Defendant, at all times material and relevant, acted in a proper, prudent, and reasonable manner and with the requisite and required due care, prudence, and skill required under the circumstances.

179.    To the extent established by the facts, all claims are barred and/or limited by Plaintiffs' failure to mitigate damages.

180.    Plaintiff's injuries or damages, which are denied, are the result of the acts or omissions of persons or entities other than this Defendant.

181.    Should discovery reveal that Plaintiff has suffered injuries and/or damages alleged in Plaintiffs' Amended Complaint, which injuries and/or damages are herein denied, then this Defendant avers that Plaintiff's injuries and/or damages were caused solely and/or exclusively by circumstances over which this Defendant did not have any custody, control, and/or responsibility; and/or were the result of superseding, intervening, and/or independent causes; and were not in any manner whatsoever caused by the actions and/or inactions of this Defendant.

182.    Plaintiff has failed to join all necessary and indispensable parties including those with subrogation interests for having paid medical bills, for just adjudication.

183.     This Court lacks personal and/or subject matter jurisdiction over Tri-County's.

184.     Plaintiff has failed to obtain service and/or service of process.

185.     Plaintiff's injuries and damages, if any, which injuries and damages are specifically denied, were caused or contributed to by Plaintiff's own contributory and/or comparative negligence.

186.     Plaintiff/Minor expressly and/or impliedly assumed the risk of injuries and damages, if any, which injuries and damages are specifically denied, by the manner and nature of his/her conduct.

187.     While denying this Defendant was negligent in any manner whatsoever, this Defendant may be entitled to statutory set-off of damages or limitations of damages.

188.     The damages sought by Plaintiff are attributable to one or more persons from whom Plaintiff does not seek recovery in this action.

189.     This Defendant reserves the right to offer proof in support of the defenses of Plaintiff's Minor's failure to exercise due care to avoid injury and/or voluntary assumption of a known risk, as may be developed through further investigation and discovery herein.

190.     This Defendant affirmatively alleges that it fulfilled all required duties owed to Plaintiff.

200.     Each and every allegation contained within Plaintiff's Amended Complaint not specifically admitted herein to be true is denied.

201.     This Defendant reserves the right to assert additional affirmative defenses as they become known during the course of discovery.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH, LLP


By: /s/_____
        Todd A. Gray
        Lewis Brisbois Bisgaard & Smith, LLP
        429 Fourth Avenue, Ste. 805
        Pittsburgh, PA  15219
        *Counsel for Defendant, Tri-County*
        *Transportation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the within pleading has been served upon all counsel of record via Electronic mail and/or via U.S. Western District's Electronic Case Filing System on this 10th day of July 2019.

Alicia M. Simpson
PA ID No. 317366
Ruder Law, LLC
429 Forbes Avenue
Suite 450
Pittsburgh, PA 15219
Tele # (412) 281-4959
aliciasimpson@ruderlaw.com
*Counsel for Plaintiff*

Kenneth J. Hardin, II
Hardin Thompson, P.C.
The Frick Building
437 Grant St., Suite 620
Pittsburgh, PA 15219
Counsel for Punxsutawney Christian

Ronald N. Repak
Beard Legal Group
3366 Lynnwood Drive
Altoona, PA 16603
Counsel for Purchase Line School District

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH, LLP


By: */s/ Todd A. Gray*
      Todd A. Gray
      Lewis Brisbois Bisgaard & Smith, LLP
      429 Fourth Avenue, Ste. 805
      Pittsburgh, PA 15219
      *Counsel for Defendant, Tri-County*
      *Transportation*