IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MDB, A MINOR, BY MICHAEL J. BRIDGE, HIS GUARDIAN AND MICHAEL J. BRIDGE, | : : : | CIVIL ACTION |
| Plaintiffs, | : : | No.: 2:18-cv-01079-MRH |
| v. | : : | |
| PURCHASE LINE SCHOOL DISTRICT, AND TRI-COUNTY TRANSPORTATION, INC. Defendants. | : : : : | |

**Fed.R.Civ.P. 26(f) REPORT OF THE PARTIES**

Pursuant to Fed.R.Civ.P. 26(f) and this Court's Order, a conference was held between Alicia Simpson, counsel for Plaintiff, Ronald N. Repak, counsel for Defendant, Purchase Line School District and Robin Woolridge, counsel for Defendant, Tri-County Transportation on October 8, 2019.

1. **Identification of counsel and unrepresented parties.** Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel an identify the parties whom such counsel represent:

   **Counsel for Plaintiff**
   Alicia Simpson, Esquire
   PA I.D. No. 317366
   Ruder Law
   429 Forbes Avenue
   Suite 450
   Pittsburgh, PA 15219
   Phone: 412-281-4959
   Fax: 412-291-1389
   Email: aliciasimpson@ruderlaw.com

   **Counsel for Defendant, Purchase Line School District**
   Ronald N. Repak, Esquire
   PA I.D. No. 309138
   Beard Legal Group, P.C.
   P.O. Box 1311
   Altoona, PA 16603
   Telephone No.: (814) 296-2321
   Facsimile No.: (814) 283-7050
   Email: rrepak@beardlegalgroup.com

**Counsel for Defendant, Tri-County Transportation, Inc.**
Robin Woolridge, Esquire
No. 24040748
Lewis Brisbois
429 Fourth Avenue
Suite 805
Pittsburgh, PA 15219
Telephone: 412.250.7305
Fax: 412.567.5494
Email: robin.woolridge@lewisbrisbois.com

2. **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc):

   Plaintiff is a minor student, MDB and Parent, Michael Bridge, who have alleged the minor child was exposed to sexual harassment during his transportation to school in violation of Title IX of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Defendants deny Plaintiffs' allegations and maintain that it complied with all applicable laws in its treatment of the Plaintiffs.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

   The Rule 26(f) conference was held on October 8, 2019 between Alicia Simpson, Esquire, counsel for Plaintiff, Ronald N. Repak, Esquire, counsel for Defendant, Purchase Line School District, and Robin Woolridge, Esquire, counsel for Defendant, Tri-County Transportation.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:** (Lead Trial Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):

   October 30, 2019 at 4:00 p.m.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed.R.Civ.P. 12 and the date(s) by which any such anticipated motion may be filed:**

    Dispositive Motions and responses have been filed by Purchase Line School District, Tri-County Transportation and Punxsutawney Christian School for 12(b)(6) Motions to Dismiss. Via Court Order Punxsutawney Christian School has been removed from the Claim. Purchase Line School District has remained within the claim, but the only remaining count as plead is a violation of Title IX. Tri-County Transportation has remained within the claim, but the only remaining count as plead is a Negligence Claim.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

    The parties have selected mediation as the ADR process for this case, as further set forth in the parties' Stipulation Selecting ADR Process. The parties intend to complete mediation by December 30th, 2019 or as soon thereafter as is possible given the pre-existing commitments of the neutral, the parties, their counsel, and representatives.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed.R.Civ.P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

    Initial Disclosures will be exchanged within the timelines as established within the Fed.R.Civ.P. Rule 26(a).

8. **Subjects on which fact discovery may be needed.** (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

    The parties will conduct fact discovery regarding:

    - The allegations in Plaintiffs' Complaint;
    - Any third party investigations conducted regarding said complaint;

- Plaintiff's contention that Defendants failed to properly investigate the allegations;
- Plaintiff's contention that said allegations were continuous, pervasive, or severe;
- The defenses set forth in Defendants' Answers

9. **Set for suggested dates for the following** (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below. The parties shall provide such information even if dispositive motions pursuant to Fed.R.Civ.P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the dates each party proposes and a brief statement in support of each such party's proposed date. Attach to this report a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

   a. **Date(s) on which disclosures required by Fed.R.Civ.P.26(a) have been or will be made:** October 22, 2019

   b. **Date by which any additional parties shall be joined:** N/A

   c. **Date by which the pleadings shall be amended:** December 6, 2019

   d. **Date by which fact discovery should be completed:** March 30, 2020

   e. **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:** N/A

   f. **Date by which plaintiff's expert reports should be filed:** TBD by Post-Fact Discovery Status Conference

   g. **Date by which depositions of plaintiff's expert(s) should be completed:** TBD by Post-Fact Discovery Status Conference

   h. **Date by which defendant's expert reports should be filed:** TBD by Post-Fact Discovery Status Conference

   i. **Date by which depositions of defendant's expert(s) should be completed:** TBD by Post-Fact Discovery Status Conference

j. **Date by which third party expert's reports should be filed:** TBD by Post-Fact Discovery Status Conference

k. **Date by which depositions of third party's expert(s) should be completed:** TBD by Post-Fact Discovery Status Conference

10. **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

    The parties do not propose any change or limitation on discovery as otherwise imposed by the Federal Rules of Civil Procedure or Local Rule.

11. **Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration. In particular, answer the following questions:**

    a. ESI. Is either party seeking the discovery of ESI in this case? Yes

    b. Metadata. Will any metadata be relevant in this case? No

    The parties, however, reserve the right to require the production of metadata in the event preliminary discovery calls into question the authenticity or reliability of documents produced (e.g. if further inquiry into creation date, modification date, author, etc. is necessary).

    c. Format. Have the parties agreed on the format(s) for production of ESI?

    The parties have agreed to produce relevant ESI in searchable PDF format where possible.

    d. Clawback Agreement. Will the parties be using the Form Inadvertent Production Provision of LCvR 16.1.D? Yes

    e. Search terms. Have the parties agreed on any protocol for review of electronic data?

    The parties are currently discussing search parameters and will exchange a list of relevant terms to be searched in electronic data. Any objection to

the search terms will follow the course of discovery disputes governed by the Local Rules and Federal Rules of Civil Procedure.

f. <u>Accessibility.</u> Have the parties agreed on what ESI is "reasonably accessible" as defined in R. 26(b)(b2)(B)? No

If no, please identify the nature of the dispute: The parties are still discussing what is reasonably accessible in general terms.

g. <u>Preservation.</u> Are there any unresolved issues pertaining to the preservation of ESI?

The parties do not expect any issues pertaining to the preservation of ESI.

h. <u>Other.</u> Identify all outstanding issues or disputes concerning ESI: None

12. **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:** (The parties are not required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented part are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):

    a. **Settlement and/or transfer to an ADR procedure;**
    b. **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f through 9.k, above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference**
    c. **Dates by which dispositive motions pursuant to Fed.ER.Civ.P. 56, replies thereto and responses to replies should be files;**
    d. **Dates by which parties' pre-trial statements should be filed;**
    e. **Dates by which in limine and Daubert motions and responses should be filed;**
    f. **Dates on which motions in limine and Daubert motions shall be heard;**
    g. **Dates proposed for final pre-trial conference;**
    h. **Presumptive and final trial dates.**

The parties have elected to schedule the Post-Discovery Status Conference following Fact Discovery.

13. **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed.R.Civ.P. 16(b) or 26(c):**

    None.

14. **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role and any such master and any special qualifications that such master may requires to perform such role:**

    The parties do not anticipate that the Court may have to appoint a special master to deal with any matter.

15. **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, agreement has not been reached:**

    The parties have not failed to agree with regard to any subject for which a report is required.

16. **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

    The parties have spoken tentatively about a possible resolution of this matter, but intend to do so in more detail prior to and during the mediation.

Respectfully submitted,

/s/
Alicia Simpson, Esquire
PA I.D. No.
Ruder Law
429 Forbes Avenue
Suite 450
Pittsburgh, PA 15219
412-281-4959
Email: aliciasimpson@ruderlaw.com
*Counsel for Plaintiff*

/s/_____
Ronald N. Repak, Esquire
PA I.D. No. 309138
Beard Legal Group, P.C.
P.O. Box 1311
Altoona, PA 16603
(814) 296-2321
*Counsel for Purchase Line School District*


/s/_____
Robin Woolridge, Esquire
PA I.D. No.
Lewis Brisbois
429 Fourth Avenue
Suite 805
Pittsburgh, PA 15219
Email: robin.woolridge@lewisbrisbois.com
Counsel for Tri-County Transportation, Inc.